UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

PATRICK NEAL KINNEY,

        Plaintiff,                           Case No. 2:08-cv-58

v.                                           Honorable R. Allan Edgar

CINDI S. CURTIN, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

        Plaintiff Patrick Neal Kinney filed a *pro se* prisoner civil rights action under 42 U.S.C. § 1983 claiming that Defendants violated his rights under the First and Eighth Amendments and the Religious Freedom Restoration Act, 42 U.S.C. § 2000cc *et seq*. Plaintiff alleges that after he attempted to escape on September 24, 2003, he was placed in administrative segregation, where he has continuously remained through the present. While in administrative segregation, he has been denied all visitation and does not have access to a telephone. He additionally alleges that despite his declaration of Judaism, Defendants denied his requests to be provided with a Kosher diet. Plaintiff has filed a motion for a preliminary injunction directing Defendants to lift the ban on non-contact visits and to provide him with a Kosher diet.

        A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Whether

to issue a preliminary injunction is within the discretion of the district court. *Planned Parenthood Ass'n v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the Court must consider and balance four factors: whether (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant would suffer irreparable injury without the injunction; (3) the preliminary injunction will cause substantial harm to others; and (4) the public interest would be served by issuance of the injunction. *Id.* These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court. *Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir. 1994). A plaintiff bears the burden of persuading the court that the factors weigh in favor of granting a preliminary injunction. *Granny Goose Foods v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 432, 441 (1974). Moreover, where a prison inmate seeks an order enjoining state prison officials, the District Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984). In the present case, none of the four factors weighs in favor of granting the extraordinary relief plaintiff requests.

To establish a likelihood of success on the merits, a plaintiff must show more than a mere possibility of success. *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 n.4 (6th Cir. 1977). The plaintiff must show a "strong" or " substantial" likelihood of success. *See* Summit *County Democratic Cent. and Executive Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004). Prison officials may limit a prisoner and his visitor's First Amendment rights if their actions are reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 79 (1987). In *Overton v. Bazzetta*, 539 U.S. 126 (2003), the Court applied the standard set forth in *Turner*, and

upheld certain restrictions on inmate visitation, but noted in dictum that "we do not hold, and we do not imply, that any right to inmate association is altogether terminated by incarceration or is always irrelevant to claims made by prisoners." *Id*. at 131-32. At this stage of the proceeding, before Defendants have had an opportunity to respond, the record is not sufficiently developed to determine whether the total ban on Plaintiff's visitation is reasonably related to a legitimate penological interest. Accordingly, Plaintiff does not presently show that he to would suffer irreparable injury without the injunction. Finally, any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The interests of third parties and the public welfare, therefore, militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988).

With respect to Plaintiff's First Amendment and Religious Freedom Restoration Act claims, prisoners do not lose their right to freely exercise their religion by virtue of their incarceration. *Cruz v. Beto*, 406 U.S. 319, 322 (1972). The standard by which prison regulations impinging on prisoner's constitutional rights is judge is "reasonableness." *Turner*, 482 U.S. at 88-95. The Michigan Department of Corrections limits a Kosher diet to those prisoners whose since religious belief requires them to eat only Kosher food. *See* MICH. DEP'T OF CORR., Policy Directive 05.03.150, ¶ SS (effective Sept. 9, 2007). With no evidence yet in the record supporting Plaintiff's allegation that he holds a sincere religious belief that he must follow Kosher dietary law or showing the basis upon which Plaintiff was denied a Kosher diet, an issue of fact exists as to whether his constitutional rights were violated. I cannot, therefore, conclude that Plaintiff has a strong likelihood of prevailing on the merits, or that he will suffer irreparable injury without the injunction. For the

reasons stated above, interests of third parties and the public at large do not weigh in favor of granting the preliminary injunction.

After reviewing Plaintiff's request for injunctive relief and the record before the Court, I conclude that Plaintiff has failed to meet the heavy burden of establishing the need for injunctive relief. I therefore recommend that Plaintiff's Motion for Preliminary Injunction (docket #2) be denied.

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   August 27, 2008

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).