UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK NEIL KINNEY,

      Plaintiff,                                               Case No. 2:08-cv-58

v.                                                            HON. R. ALLAN EDGAR

CINDI S. CURTIN, et al.,

      Defendants.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on . The Report and Recommendation was duly served on the parties. The Court received objections from the Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

In his objections, Plaintiff states that the Magistrate Judge erred in finding that the visiting ban was not de facto permanent. Plaintiff states that the duration of the visiting ban, six years, is indicative of the fact that it is permanent, especially since Plaintiff has displayed good behavior for the past five and a half years. However, a review of the record indicates that Plaintiff attempted to escape on February 13, 2004. On May 6, 2004, Plaintiff received a package containing a book, which concealed a fifty dollar bill, a peerless handcuff key, and a two inch sewing needle. When the incident was investigated, Plaintiff refused to cooperate, stating that since he was serving a life sentence, he had nothing to lose and would continue to attempt an escape. On May 13, 2004,

Plaintiff attempted to smuggle a pair of leather palmed gloves into the facility. Plaintiff was placed on visitor restriction following this incident. Plaintiff's requests to have the visitor ban lifted have thus far been denied because prison officials desire to see a longer period of good behavior. (Defendants' Exhibit A.) The court notes that where a prison inmate seeks an order enjoining the conduct of state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). The court concludes that Plaintiff has failed to show that the visitor restriction rises to the level of a de facto ban.

Plaintiff claims that the Magistrate Judge erred in finding that Defendants were justified in concluding that Plaintiff did not have a sincerely held belief with regard to his request to be placed on a Kosher diet. In support of this objection, Plaintiff merely reasserts his previous allegations. Therefore, for the reasons stated in the report and recommendation, Plaintiff's objections on this issue lack merit.

In addition, Plaintiff claims that the Magistrate Judge improperly recommended dismissing his due process regarding the Kosher diet denial. Plaintiff states that he was not given an opportunity to refute the recommendation of Chaplain Snyder. However, as noted in the report and recommendation, Plaintiff was Plaintiff received due process, in the form of the written and in-person interviews with Chaplain Snyder, and Plaintiff's ability to reapply for the program. The Magistrate Judge examined the record in detail and determined that Plaintiff was given ample opportunity to demonstrate the sincerity of his religious beliefs. Therefore, the Magistrate Judge properly found that Plaintiff received due process.

Plaintiff states that the Magistrate Judge erred in recommending summary judgment on Plaintiff's First Amendment book restriction claim. Plaintiff asserts that the only evidence

offered by Defendants to support the blanket ban on used books is the affidavit of Defendant Sackett, which indicates that such books could harbor contraband. However, as noted by the Magistrate Judge, the MDOC policy has a rational relationship to the legitimate interest of promoting prison security and that Plaintiff had the alternative option of ordering copies of the requested books that are not used. Therefore, the first two factors in *Turner v. Safley*, 482 U.S. 78 (1987) are satisfied. *Turner*, 482 U.S. at 89-91. Accordingly, Plaintiff has failed to show a First Amendment violation.

Plaintiff also claims that the Magistrate Judge erred in finding that his due process claim regarding the book rejection should be dismissed. Plaintiff states that Defendant Sackett failed to provide him with the reasons for his decision so that Plaintiff could refute them. However, as noted by the Magistrate Judge, Defendant Pittsley provided a written explanation of her rejection of the books, and Plaintiff received a subsequent hearing. Following the hearing, Defendant Sackett provided a written explanation of his decision to uphold the restriction and the reasoning behind the decision. Therefore, Plaintiff's objection lacks merit.

Finally, Plaintiff claims that the Magistrate Judge erred in finding that the named Defendants were not personally involved in the denial of special shoes. However, Plaintiff fails to allege any additional facts in support of this assertion. As noted by the Magistrate Judge in the report and recommendation, the Defendants listed in Plaintiff's inadequate shoes claim were not personally involved in the activity forming the basis of the claim. Therefore, Plaintiff's objection on this issue is without merit.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and Defendants' motion for summary judgment (docket #46) is GRANTED and Plaintiff's action will be dismissed in its entirety.

IT IS FURTHER ORDERED that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum. Accordingly, should plaintiff seek to appeal this matter to the Sixth Circuit, the appeal would be frivolous and not taken in good faith.

Dated:   9/21/09                                           */s/ R. Allan Edgar*
                                                           R. ALLAN EDGAR
                                                           UNITED STATES DISTRICT JUDGE